# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### Case no.:8:20-cv-3064-T-02AAS

THADDEUS WATERS,
individually and on behalf of
all others similarly situated,

      Plaintiff,

v.

BJ'S WHOLESALE CLUB, INC.,

      Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant, BJ'S WHOLESALE CLUB, INC., ("Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff THADDEUS WATERS', individually and on behalf of all other similarly situated, ("Plaintiff") Class Action Complaint, and in support thereof states as follows:

## CLASS ACTION COMPLAINT

Plaintiff, Thaddeus Waters ("Plaintiff"), files this Class Action Complaint against Defendant, BJ'S WHOLESALE CLUB, INC. ("Defendant"), alleging that Defendant failed to provide he and the putative class adequate notice of their right to continued health care coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). In further support thereof, Plaintiff states as follows:

**ANSWER:** Defendant acknowledges that Plaintiff attempts to allege that he has a claim against Defendant under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), but

1

denies the allegations insofar as Plaintiff alleges or implies that he is entitled to any relief from Defendant, or that he has any valid claim against Defendant.

## BRIEF OVERVIEW

1.     Defendant, the plan sponsor and plan administrator of the BJ's Wholesale Club, Inc. Team Member Benefit Plan ("Plan"), has repeatedly violated ERISA by failing to provide participants and beneficiaries in the Plan with adequate notice, as prescribed by COBRA, of their right to continue their health insurance coverage following an occurrence of a "qualifying event" as defined by the statute.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 1.

2.     COBRA is a remedial statute that should be interpreted in favor of the employee.

**ANSWER:** Paragraph 2 asserts a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies same.

3.     The legislative history shows that Congress enacted COBRA in 1986 as a result of the reports of the growing number of Americans without any health insurance coverage and the decreasing willingness of our Nation's hospitals to provide care to those who cannot afford to pay. The purpose behind its notice requirements is to facilitate and assist individuals in electing continuation coverage should they so choose, not hinder their ability to elect coverage, as Defendant's does.

**ANSWER:** Paragraph 3 asserts a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies same.

4.     Defendant has repeatedly violated ERISA by failing to provide participants and beneficiaries in the Plan with adequate notice, as prescribed by COBRA, of their right to continue their health coverage upon the occurrence of a "qualifying event" as defined by the statute.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 4.

2

5.      As a threshold matter, Defendant's COBRA notice violates 29 C.F.R. § 2590.606–4(b)(4)(xii) because it fails to the address to which payments should be sent.

**ANSWER:** Paragraph 5 asserts a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies same.

6.      Instead, Defendant's COBRA form and enrollment process only provides that information after enrollment.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 6.

7.      Not only that, rather than simply including the information in the COBRA notice as required by law, Defendant's notice instead requires Plaintiff and the putative class members to seek the address to which payments should be sent from Defendant's COBRA administrator if certain "payment coupons" are not received.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 7.

8.      Because Defendant's COBRA notice omits the above critical pieces of information, it violates 29 C.F.R. § 2590.606–4(b)(4), which requires the plan administrator of a group-health plan to provide a COBRA notice "written in a manner calculated to be understood by the average plan participant."

**ANSWER:** Paragraph 8 asserts a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies same.

9.      Without including information on where to send payments, a COBRA notice simply is not written in a manner calculated to be understood by the average plan participant.

**ANSWER:** Paragraph 9 asserts a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies same.

10.     As a result of these violations, which threaten Class Members' ability to maintain their health coverage, Plaintiff seeks statutory penalties, injunctive relief, attorneys' fees, costs and expenses, and other appropriate relief as set forth herein and provided by law.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 10, and further denies the Plaintiff is entitled to statutory penalties, injunctive relief, attorneys' fees, costs and expenses, and/or any other relief from Defendant.

## JURISDICTION AND VENUE

11.     Venue is proper in the United States Court for the Middle District of Florida, because the events giving rise to these claims arose in this district.

**ANSWER:** Defendant acknowledges that Plaintiff attempts to allege that venue is proper with this Court, and Defendant does not dispute that venue is proper, but Defendant denies the allegations insofar as Plaintiff alleges or implies that he is entitled to any relief from Defendant, or that he has any valid claim against Defendant.

12.     Plaintiff is a Florida resident, resides in this district and was a participant in the Plan prior to her termination, a qualifying event within the meaning of 29 U.S.C. § 1163(2).

**ANSWER:** Defendant lacks sufficient knowledge as to the allegations in paragraph 12, and therefore denies same.

13.     Defendant is the Plan sponsor within the meaning of 29 U.S.C. §1002(16)(B), and the administrator of the Plan within the meaning of 29 U.S.C. § 1002(16)(A). The Plan provides medical benefits to employees and their beneficiaries, and is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) and a group health plan within the meaning of 29 U.S.C. § 1167(1).

**ANSWER:** Paragraph 13 asserts legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies same.

4

## SUPPORTING LAW AND FACTUAL ALLEGATIONS

### *COBRA Notice Requirements*

14.     The COBRA amendments to ERISA included certain provisions relating to continuation of health coverage upon termination of employment or another "qualifying event" as defined by the statute.

**ANSWER:** Paragraph 14 asserts a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies same.

15.     Among other things, COBRA requires the plan sponsor of each group health plan normally employing more than 20 employees on a typical business day during the preceding year to provide "each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event ... to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161.

**ANSWER:** Paragraph 15 asserts a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies same.

16.     Notice is of enormous importance. The COBRA notification requirement exists because employees are not presumed to know they have a federally protected right to continue healthcare coverage subsequent to a qualifying event.

**ANSWER:** Paragraph 16 asserts a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies same.

17.     COBRA further requires the administrator of such a group health plan to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(4). This notice must be "[i]n accordance with the regulations prescribed by the Secretary" of Labor. 29 U.S.C. § 1166(a).

5

**ANSWER:** Paragraph 17 asserts a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies same.

18.     The relevant regulations prescribed by the Secretary of Labor concerning notice of continuation of coverage rights are set forth in 29 C.F.R. § 2590.606-4 as follows:

(4) The notice required by this paragraph (b) shall be written in a manner calculated to be understood by the average plan participant and shall contain the following information:

(i)      The name of the plan under which continuation coverage is available; and the name, address and telephone number of the party responsible under the plan for the administration of continuation coverage benefits;

(ii)     Identification of the qualifying event;

(iii)    Identification, by status or name, of the qualified beneficiaries who are recognized by the plan as being entitled to elect continuation coverage with respect to the qualifying event, and the date on which coverage under the plan will terminate (or has terminated) unless continuation coverage is elected;

(iv)     A statement that each individual who is a qualified beneficiary with respect to the qualifying event has an independent right to elect continuation coverage, that a covered employee or a qualified beneficiary who is the spouse of the covered employee (or was the spouse of the covered employee on the day before the qualifying event occurred) may elect continuation coverage on behalf of all other qualified beneficiaries with respect to the qualifying event, and that a parent or legal guardian may elect continuation coverage on behalf of a minor child;

(v)      An explanation of the plan's procedures for electing continuation coverage, including an explanation of the time period during which the election must be made, and the date by which the election must be made;

(vi)     An explanation of the consequences of failing to elect or waiving continuation coverage, including an explanation that a qualified beneficiary's decision whether to elect continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage, guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act, with a reference to where a qualified beneficiary may obtain additional information about such rights; and a description of the plan's procedures for revoking a waiver of the right to continuation coverage before the date by which the election must be made;

(vii)    A description of the continuation coverage that will be made available under the plan, if elected, including the date on which such coverage will commence, either by

providing a description of the coverage or by reference to the plan's summary plan description;

(viii )    An explanation of the maximum period for which continuation coverage will be available under the plan, if elected; an explanation of the continuation coverage termination date; and an explanation of any events that might cause continuation coverage to be terminated earlier than the end of the maximum period;

(ix)     A description of the circumstances (if any) under which the maximum period of continuation coverage may be extended due either to the occurrence of a second qualifying event or a determination by the Social Security Administration, under title II or XVI of the Social Security Act (42 U.S.C. 401 et seq. or 1381 et seq.) (SSA), that the qualified beneficiary is disabled, and the length of any such extension;

(x)     In the case of a notice that offers continuation coverage with a maximum duration of less than 36 months, a description of the plan's requirements regarding the responsibility of qualified beneficiaries to provide notice of a second qualifying event and notice of a disability determination under the SSA, along with a description of the plan's procedures for providing such notices, including the times within which such notices must be provided and the consequences of failing to provide such notices. The notice shall also explain the responsibility of qualified beneficiaries to provide notice that a disabled qualified beneficiary has subsequently been determined to no longer be disabled;

(xi)     A description of the amount, if any, that each qualified beneficiary will be required to pay for continuation coverage;

(xii)     A description of the due dates for payments, the qualified beneficiaries' right to pay on a monthly basis, the grace periods for payment, the address to which payments should be sent, and the consequences of delayed payment and non-payment;

(xiii)     An explanation of the importance of keeping the administrator informed of the current addresses of all participants or beneficiaries under the plan who are or may become qualified beneficiaries; and

(xiv)     A statement that the notice does not fully describe continuation coverage or other rights under the plan, and that more complete information regarding such rights is available in the plan's summary plan description or from the plan administrator.

**ANSWER:** Paragraph 18, and all sub-sections therein, assert legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies same.

19.     To facilitate compliance with these notice obligations, the United States Department of Labor ("DOL") has issued a Model COBRA Continuation Coverage Election

Notice ("Model Notice"), which is included in the Appendix to 29 C.F.R. § 2590.606-4. The DOL website states that the DOL "will consider use of the model election notice, appropriately completed, good faith compliance with the election notice content requirements of COBRA."

**ANSWER:** Paragraph 19 asserts a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies same.

20.     In the event that a plan administrator declines to use the Model Notice and fails to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, the administrator is subject to statutory penalties of up to $110.00 per participant or beneficiary per day from the date of such failure. 29 U.S.C. § 1132(c)(1). Additionally, the Court may order such other relief as it deems proper, including but not limited to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and payment of attorneys' fees and expenses pursuant to 29 U.S.C. § 1132(g)(1). Such is the case here.

**ANSWER:** Paragraph 20 asserts a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies same.

21.     Here, Defendant failed to use the Model Notice and failed to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, as set forth below. Defendant's Notice Is Inadequate and Fails to Comply with COBRA

**ANSWER:** Paragraph 21 asserts a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies same.

22.     Defendant did not use the Model Notice to notify plan participants of their right to continuation coverage even though the Model Notice adequately provides all required information and would have provided Defendant with a "safe harbor" if used. The Model Notice further demonstrates how the information can, and is required to, be written in a manner calculated to be

8

understood by the average plan participant providing a near-foolproof way for persons to sign up for continuing coverage of their existing benefits.

**ANSWER:** Paragraph 22 asserts a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies same.

23.    Rather than use the Model Notice, Defendant deliberately authored and disseminated a notice which omitted critical information required by law and needlessly included language meant to deter and otherwise "chill" election of COBRA benefits. The information Defendant omitted from its notice is information that is included in the Model Notice.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 23.

24.    The evidence will show Defendant used its deficient Notice to discourage participants from enrolling in continuation coverage.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 24.

25.    Defendant's Notice violates two key COBRA requirements, specifically:

·    The Notice violates 29 C.F.R. § 2590.606-4(b)(4)(xii) because it fails to provide the address to which payments should be sent;
·    The Notice violates 29 C.F.R. § 2590.606-4(b)(4) because Defendant has failed to provide a notice written in a manner calculated to be understood by the average plan participant.

**ANSWER:** Paragraph 25 and the sub-sections therein, assert a legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies same.

26.    Because Defendant's COBRA notice fails to provide the address to which payments should be sent, the COBRA notice confused Plaintiff, and resulted in his inability to elect COBRA continuation coverage.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 26.

27.    As a result of the deficient notice, Plaintiff was unable to elect COBRA continuation coverage and lost his health insurance.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 27.

### *The Named Plaintiff Has Article III Standing*

28.    As a result of these violations by Defendant Plaintiff suffered a tangible injury in the form of economic loss, specifically the loss of health insurance coverage.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 28.

29.    Plaintiff also suffered a tangible economic loss when as he paid out-of-pocket for medical expenses incurred after he lost his health insurance.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 29.

30.    Plaintiff suffered further concrete injury when he lost control over his personal health plan, including provider selection. In other words, Plaintiff suffered a third concrete injury because he could no longer pro-actively manage his health care since no longer had health insurance.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 30.

31.    Plaintiff suffered an additional concrete harm in the form of significant wasted time (hours) trying to figure out how to self-treat since he no longer had health insurance.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 31.

32.    Additionally, Plaintiff suffered injury in the form of stress and anxiety created by the loss of his health insurance coverage.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 32.

33.    Finally, Defendant's deficient COBRA Notice caused Plaintiff an informational injury when Defendant failed to provide him with information to which he was entitled to by

statute, namely a compliant COBRA election notice containing all information required by 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a).

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 33.

34.     Through ERISA and then COBRA, Congress created a right—the right to receive the required COBRA election notice—and an injury—not receiving a proper election notice with information required by 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a).

**ANSWER:** Paragraph 34 asserts a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies same.

35.     Defendant injured Plaintiff and the class members he seeks to represent by failing to provide the information required by COBRA.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 33.

### *Named Plaintiff Thaddeus Waters*

36.     Named Plaintiff Thaddeus Water was employed by Defendant from approximately May of 2014 through January of 2019, during which time he obtained medical insurance for himself through Defendant.

**ANSWER:** Defendant admits that Plaintiff was employed by Defendant, and denies the remaining allegations stated or implied in paragraph 36.

37.     In January 2019 Plaintiff's employment was terminated.

**ANSWER:** Defendant admits that Plaintiff was terminated, and denies the allegations stated or implied in paragraph 37.

38.     Plaintiff was not terminated for "gross misconduct" and was, therefore, eligible to elect continuation coverage.

**ANSWER:** Defendant admits that Plaintiff was terminated, and denies the allegations stated or implied in paragraph 38.

39.     Plaintiff's termination was a qualifying event, which triggered Defendant's COBRA notice obligations.

**ANSWER:** Defendant admits that Plaintiff was terminated, and denies the allegations stated or implied in paragraph 39.

40.     Following his termination, Defendant caused its COBRA administrator to mail Plaintiff the deficient COBRA notice.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 40.

41.     The COBRA notice was not written in a manner calculated to be understood by the average plan participant.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 41.

42.     The COBRA notice did not provide Plaintiff with the substantive information to which he was entitled pursuant to federal law, as set out further below, giving rise to this lawsuit.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 42.

43.     Defendant has in place no administrative remedies Plaintiff was required to exhaust prior to bringing suit as this is not an ERISA claim for benefits.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 43.

44.     Additionally, even if such administrative remedies exist as to Plaintiff's statutory damages claims, any attempt to exhaust the same would have been futile as this is not an ERISA benefits case. In fact, exhaustion of administrative remedies is not required because Plaintiff was not provided with proper notice of his rights in the first instance.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 44.

*Violation of 29 C.F.R. § 2590.606-4(b)(4)(xii) –*
*Failure to provide the address to which payments should be sent*

45.     Defendant is specifically required to include in its notice the address to which payments should be sent. 29 C.F.R. § 2590.606-4(b)(4)(xii).

**ANSWER:** Paragraph 45 asserts a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies same.

46.     Rather than include an address to remit payment, the notice states that "once you make your COBRA election, Benefit Concepts, Inc., a division of WageWorks, Inc. will generate and mail payment coupons to you."

**ANSWER:** The notice and the quoted language above speaks for itself. Defendant denies the remaining allegations stated or implied in paragraph 46.

47.     The notice provided to Plaintiff states "If you choose to elect COBRA coverage, you do not have to send any premium payment(s) with the COBRA Coverage Election Form. Additional information about payment will be provided to you after you make your election." But no address for payment is included.

**ANSWER:** The notice and the quoted language above speaks for itself. Defendant denies the remaining allegations stated or implied in paragraph 47.

48.     Without this information Plaintiff is left ready and willing, but unable, to properly enroll and maintain continuation coverage.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 48.

49.     A misrepresentation is material if there is a substantial likelihood that it would mislead a reasonable employee in making an adequately informed decision. Without knowing where to send payment, Plaintiff was misled as to how to enroll in COBRA.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 49.

50.     Because of the foregoing deficiencies, Defendant's election notice is insufficient. Defendant has misled Plaintiff about the material parameters and procedures surrounding his right to elect Cobra coverage, failing to comply with the requirements made clear by the Code of Federal Regulations.

**ANSWER:** Paragraph 45 asserts a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies same.

*Violation of 29 C.F.R. § 2590.606-4(b)(4) -
Defendant failed to provide notice written in a manner
calculated "to be understood by the average plan participant"*

51.     Whether a defendant's COBRA notification complies with the law turns on whether the notice is understandable by an average plan participant. This requirement has been interpreted as an objective standard rather than requiring an inquiry into the subjective perception of the individual plan participants.

**ANSWER:** Paragraph 51 asserts a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies same.

52.     29 U.S.C. § 1166(a)(4)(A) requires plan administrators to notify the former employee of their right to receive continuation coverage with a notice that must be sufficient to permit the discharged employee to make an informed decision whether to elect coverage.

**ANSWER:** Paragraph 52 asserts a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies same.

53.     As previously stated, Defendant's notice omits the required address for payment.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 53.

54.     Without the above required information, Defendant's notice is not sufficient to permit the discharged employee to make an informed decision whether to elect coverage.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 54.

## CLASS ACTION ALLEGATIONS

55.    Plaintiff brings this action as a class action pursuant to Rule 23 Fed.R.Civ.P. on

behalf of the following persons:

> **All participants and beneficiaries in the Defendant's Health Plan who were the COBRA notice by Defendant, in the same form sent to Plaintiff, during the applicable statute of limitations period as a result of a qualifying event, as determined by Defendant, who did not elect COBRA.**

**ANSWER:** Defendant acknowledges that Plaintiff attempts to allege that he has a

class action claim against Defendant under COBRA, but denies the allegations insofar as

Plaintiff alleges or implies that he or a putative class are entitled to any relief from Defendant,

or that there is any valid claim against Defendant.

56.    No administrative remedies exist as a prerequisite to Plaintiff's claim on behalf of

the Putative Class. As such, any efforts related to exhausting such non-existent remedies would be

futile.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 56.

57.    Numerosity: The Class is so numerous that joinder of all Class members is

impracticable. On information and belief, hundreds or thousands of individuals satisfy the

definition of the Class.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 57.

58.    Typicality: Plaintiff's claims are typical of the Class. The COBRA notice that

Defendant sent to Plaintiff was a form notice that was uniformly provided to all Class members.

As such, the COBRA notice that Plaintiff received was typical of the COBRA notices that other

Class Members received, and suffered from the same deficiencies.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 58.

59.     Adequacy: Plaintiff will fairly and adequately protect the interests of the Class members; she has no interests antagonistic to the class, and has retained counsel experienced in complex class action litigation.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 59.

60.     Commonality: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

a.  Whether the Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1);

b.  Whether Defendant's COBRA notice complied with the requirements of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

c.  Whether statutory penalties should be imposed against Defendant under 29 U.S.C. § 1132(c)(1) for failing to comply with COBRA notice requirements, and if so, in what amount;

d.  The appropriateness and proper form of any injunctive relief or other equitable relief pursuant to 29 U.S.C. § 1132(a)(3); and, finally,

e.  Whether (and the extent to which) other relief should be granted based on Defendant's failure to comply with COBRA notice requirements.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 59, and sub-sections (a) – (e).

61.     Class Members do not have an interest in pursuing separate individual actions against Defendant, as the amount of each Class Member's individual claims is relatively small compared to the expense and burden of individual prosecution.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 61.

62.     Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices and the adequacy of its COBRA notice. Moreover, management of this action as a class action will not present any likely

difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single action.

> **ANSWER:** Defendant denies the allegations stated or implied in paragraph 62.

63.     Plaintiff intends to send notice to all Class Members. The names and addresses of the Class Members are available from Defendant's records, as well as from Defendant's third-party COBRA administrator.

> **ANSWER:** Defendant denies the allegations stated or implied in paragraph 62.

## CLASS CLAIM I FOR RELIEF

### *Violation of 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2590.606-4*

64.     Defendant is the sponsor and administrator of the Plan, and was subject to the continuation of coverage and notice requirements of COBRA.

> **ANSWER:** Defendant denies the allegations stated or implied in paragraph 64.

65.     Plaintiff and the other members of the Class experienced a "qualifying event" as defined by 29 U.S.C. § 1163, and Defendant was aware that they had experienced such a qualifying event.

> **ANSWER:** Defendant denies the allegations stated or implied in paragraph 65.

66.     On account of such qualifying event, Defendant sent Plaintiff and the Class Members a COBRA notice.

> **ANSWER:** Defendant denies the allegations stated or implied in paragraph 66.

67.     The COBRA notice that Defendant sent to Plaintiff and other Class Members violated 29 U.S.C. § 1166(a), ERISA § 502(c), and 29 C.F.R. § 2590.606-4 for the reasons set forth above.

> **ANSWER:** Defendant denies the allegations stated or implied in paragraph 67.

68.     These violations were material and willful.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 68.

69.     Defendant knew that its notice was inconsistent with the Secretary of Labor's Model Notice and failed to comply with 29 U.S.C. § 1166(a), ERISA § 502(c), and 29 C.F.R. § 2590.606-4, but chose to use a non-compliant notice in deliberate or reckless disregard of the rights of Plaintiff and other Class Members.

**ANSWER:** Defendant denies the allegations stated or implied in paragraph 69.

## PRAYER FOR RELIEF

***WHEREFORE,*** Plaintiff, individually and on behalf of the Class, prays for relief as follows:

a.  Designating Plaintiff's counsel as counsel for the Class;

b.  Issuing proper notice to the Class at Defendant's expense;

c.  Declaring that the COBRA notice sent by Defendant to Plaintiffs and other Class Members violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

d.  Awarding appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including but not limited to an order enjoining Defendant from continuing to use its defective COBRA notice and requiring Defendant to send corrective notices;

e.  Awarding statutory penalties to the Class pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110.00 per day for each Class Member who was sent a defective COBRA notice by Defendant;

f.  Awarding attorneys' fees, costs and expenses to Plaintiffs' counsel as provided by 29 U.S.C. § 1132(g)(1) and other applicable law; and

g.  Granting such other and further relief, in law or equity, as this Court deems appropriate.

**ANSWER:** Defendant denies the allegations stated or implied in the unnumbered wherefore clause. Defendant denies that Plaintiff would be an adequate putative class representative. Defendant further denies that Plaintiff nor and a putative class are entitled to injunctive relief, statutory penalties, attorney's fees, costs and/or expenses, and/or any other relief.

**AS TO ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED**

Any allegations in the Complaint not heretofore answered, qualified, or denied are here and now denied as though set forth specifically and denied.

**AFFIRMATIVE DEFENSES**

1.     Defendant asserts that any alleged violation of COBRA's notice requirements, which are strictly denied, are not the result of Defendant's actions or omissions. Any alleged violation was the result of a third-party vendor's actions or omissions. Accordingly, Defendant is not liable to Plaintiff for any alleged damages, which are strictly denied.

2.     To the extent Defendant is held liable for any amounts, Defendant should be indemnified and held harmless by its third party vendor for any damages, including any costs, interests or attorney's fees, that may be awarded to Plaintiff.

3.     Defendant asserts that Plaintiff is estopped from asserting the causes of action alleged herein as, once he was provided with the option of continuing his benefits under the subject employee benefit plan, the Plaintiff failed to respond and/or otherwise elect a continuation of coverage. As a result, Plaintiff is estopped from asserting any damages, which are denied, which may flow from the absence of such coverages. Accordingly, Plaintiff is not an appropriate class representative for the described class, is barred and/or estopped from serving and is unsuitable to serve as class representative or to maintain this action individually.

4.     Defendant asserts that the claims asserted herein fail to state a claim for relief as the Plaintiff has not sustained any damage, expense or other adverse financial ramification as a result of the matters set forth in the Complaint.

5.      Defendant asserts that if this Court were to find that a technical COBRA notice violation occurred, that this case is not one in which the imposition of penalties would be appropriate, given the lack of damage and/or prejudice to the Plaintiff.

6.      Defendant asserts that Plaintiff's recovery, if any, should be barred or reduced to the extent he failed to mitigate his damages.

7.      To the extent that Plaintiff attempts to bring this action on behalf of other similarly situated individuals, Defendant asserts that there exists no similarly situated employees and/or no similarly situated employees desire to opt-in to this action.

8.      This action cannot be maintained as a class action as Plaintiff cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

9.      This action cannot be maintained as a class action as Plaintiff seeks to certify a putative class that consists of members who also lack standing and who have not suffered any injury-in-fact as a result of any alleged violation of COBRA.

10.      Defendant asserts that Plaintiff is not entitled to attorney's fees, costs, and/or expenses as Defendant did not act in bad faith at any time material to Plaintiff's claims.

## **RESERVATION OF RIGHTS**

Defendant hereby gives notice that it intends to rely on such other defenses and affirmative defenses as may become available or apparent during the course of discovery, and, thus, reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing affirmative defenses.

Respectfully submitted this 5th day of April 2021.

**GORDON REES SCULLY**
**MANSUKHANI, LLP**
Miami Tower
100 SE Second Street, Suite 3900

Miami, FL 33131
Telephone: (305) 428-5330
Facsimile: (877) 634-7245

*/s/ Robin Taylor Symons*
Robin Symons
Florida Bar No. 356832
Rsymons@grsm.com
Jocelyn Ramos
Florida Bar No. 1011087
Jramos@grsm.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 5, 2021, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF, and that true and correct copy of the foregoing was

served by electronic notice on all counsel or parties of record on the Service List below.

*/s/ Robin Taylor Symons*
Robin Taylor Symons

**Service List**
Luis A. Cabassa, Esq.
Brandon J. Hill, Esq.
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Tel: (813) 224-0431
Fax: (813) 229-8712
lcabassa@wfclaw.com
bhill@wfclaw.com
*Attorneys for Plaintiff*